TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAN OCEANIC MARITIME INC,                    :

   Plaintiff,                                      :       07 CV _____
                                                                            ECF CASE
 - against -                                               :

SOURCE LINK SHIPPING CO., LTD.,              :

   Defendant.                                   :
-------------------------------------------------------------X

## VERIFIED COMPLAINT

  The Plaintiff, PAN OCEANIC MARITIME INC. (hereinafter "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, SOURCE LINK SHIPPING CO. LTD. (hereinafter "Defendant") alleges, upon information and belief, as follows:

  1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

  2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of the state of Delaware.

  3. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in British Virgin Islands.

4. By way of Forward Freight Agreements dated November 2, 2006, February 1, 2007 and March 21, 2007 (hereafter "FFA's"), all on the FFABA 2005 Contract, Defendant agreed to sell and buy freight futures with the Plaintiff.

5. The November 2, 2006 FFA provided for settlement dates of the last day of three contract months: January, February and March of 2007. The March 2007 settlement date provided that Defendant sustained a loss payable to Plaintiff in the sum of $318,662.04.

6. Despite due demand for payment of the March 2007 settlement of the November 2, 2006 FFA, Defendant has failed to remit payment to Plaintiff in breach of the FFA.

7. The February 1, 2007 FFA provides for settlement dates of the last day of three contract months: April, May and June of 2007.

8. The March 21, 2007 FFA provides for settlement dates of the last day of three contract months: April, May and June of 2007.

9. Due to Defendant's failure to remit payment for the November 2, 2006 FFA and due to the increasing exposure of the Defendant to adverse index rates calculable under the FFA's, the Plaintiff offered an early settlement of the February 1, 2007 and March 21, 2007 FFA's with a ten (10) percent discount to the Defendant. The early settlement of these latter FFA's was in the sum of $1,412,775. Defendant failed to accept the Plaintiff's offered early settlement.

10. Due to the Defendant's failure to remit payment for the November 2, 2006 FFA, and based upon its failure to agree to an early settlement of the latter FFA's, Plaintiff has closed the latter FFAs and therefore has set Defendant's losses thereunder.

11. As a result of Source Link's breach of the November 2, 2006 FFA Plaintiff has suffered a loss in the total principal sum of $318,662.04 as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

12. Source Link's losses under each of the latter FFA's are $784,875, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees. Plaintiff alleges that based on Source Link's breach of the November 2, 2006 FFA that it will similarly breach the latter FFAs.

13. Pursuant to the FFA's, all disputes arising thereunder are to be submitted to the English High Court with English law to apply.

14. As a result, Plaintiff is currently preparing to commence litigation in the English High Court on its claims as described hereinabove.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $1,888,412; |
| | i. | November 2, 2006 - $318,662; | |
| | ii. | February 1, 2007 - $784,875; | |
| | iii. | March 21, 2007 - $784,875. | |
| B. | Estimated interest on the principal claims at 6.5% for three years: | | $393,088; |
| C. | Attorneys' fees and other recoverable costs: | | $100,000. |
| Total: | | | **$2,381,500.** |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

3

Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are believed to be due and owing to the Defendant.

17. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and

owing to the Defendant, in the amount of **$2,381,500** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 17, 2007
New York, New York

                            The Plaintiff,
                            PAN OCEANIC MARITIME, INC.

By:    _____
       Nancy R. Peterson (NP 2871)
       Lauren C. Davies (LD 1980)
       Kevin J. Lennon (KL 5072)

       TISDALE & LENNON, LLC
       11 West 42nd Street, Suite 900
       New York, NY 10036
       (212) 354-0025 (Phone)
       (212) 869-0067 (Fax)
       npeterson@tisdale-lennon.com
       ldavies@tisdale-lennon.com
       klennon@tisdale-lennon.com

5

## ATTORNEY VERIFICATION

State of New York    )
                     )    ss: City of New York
County of New York   )

1.  My name is Lauren C. Davies.

2.  I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.  I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.  I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.  The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.  The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: April 17, 2007
New York, New York

_____
Lauren C. Davies