UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

PAN OCEANIC MARITIME INC.,

        Plaintiff,

     - against -

SOURCE LINK SHIPPING CO., LTD.,

        Defendant.

------------------------------------------------------------------X

07 CV 3089

ECF CASE

**EX-PARTE ORDER
FOR PROCESS OF
MARITIME
ATTACHMENT**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 4-18-07

**WHEREAS**, on April 18, 2007 Plaintiff, PAN OCEANIC MARITIME INC., filed an

Amended Verified Complaint herein for damages amounting to $484,927 inclusive of interest,

costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against

all tangible or intangible property belonging to, claimed by or being held for the Defendant by

any garnishees within this District, including but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP

Morgan Chase, Standard Chartered Bank and/or Wachovia Bank, in an amount up to and

including $484,927 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, and this Order, may be made by way of fax transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: April ___, 2007

**SO ORDERED:**

_____
**U. S. D. J.**

TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

APR 1 8 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAN OCEANIC MARITIME INC.,                        :

            Plaintiff,                                       :          07 CV 3089
                                                                             ECF CASE
      - against -                                          :

SOURCE LINK SHIPPING CO., LTD.,          :

            Defendant.                                    :
------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

        The Plaintiff, PAN OCEANIC MARITIME INC. (hereinafter "Plaintiff"), by its

attorneys, Tisdale & Lennon, LLC, as and for its Amended Verified Complaint against the

Defendant, SOURCE LINK SHIPPING CO. LTD. (hereinafter "Defendant") alleges, upon

information and belief, as follows:

        1.      This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

        2.      At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of the laws of the state of Delaware.

        3.      Upon information and belief, at all material times, Defendant was and still is an

entity duly organized and existing by virtue of foreign law with a principal place of business in

British Virgin Islands.

4.    By way of a Forward Freight Agreement dated November 2, 2006 (hereafter "FFA"), on the FFABA 2005 Contract, Defendant agreed to sell and buy freight futures with the Plaintiff.

5.    The FFA provided for settlement dates of the last day of three contract months: January, February and March of 2007. The March 2007 settlement date provided that Defendant sustained a loss payable to Plaintiff in the sum of $318,662.04.

6.    Despite due demand for payment of the March 2007 settlement of the FFA, Defendant has failed to remit payment to Plaintiff in breach of the FFA.

7.    As a result of Source Link's breach of the FFA Plaintiff has suffered a loss in the total principal sum of $318,662.04 as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

8.    Pursuant to the FFA's, all disputes arising thereunder are to be submitted to the English High Court with English law to apply.

9.    As a result, Plaintiff is currently preparing to commence litigation in the English High Court on its claims as described hereinabove.

10.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $318,662; |
| B. | Estimated interest on the principal claims at 6.5% for three years: | $66,265; |
| C. | Attorneys' fees and other recoverable costs: | $100,000. |
| Total: | | **$484,927.** |

2

11.    The Defendant cannot be found within this District within the meaning of Rule B
of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of
Civil Procedure, but, upon information and belief, Defendant has, or will have during the
pendency of this action, assets within this District and subject to the jurisdiction of this Court,
held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express
Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,
J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are believed to
be due and owing to the Defendant.

12.    The Plaintiff seeks an order from this Court directing the Clerk of Court to
issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental
Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by
the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant,
and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear ,
and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to
Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment
pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and
federal common law attaching all tangible or intangible property in whatever form or any other
funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express

3

Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,

J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and

owing to the Defendant, in the amount of **$484,927** to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Verified Complaint;

      C.     That this Court recognize and confirm any foreign judgment/award of costs on the

claims had herein as a judgment of this Court;

      D.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

      E.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: April 17, 2007
      Southport, Connecticut

                    The Plaintiff,
                    PAN OCEANIC MARITIME, INC.

             By:
                    Lauren C. Davies (LD 1980)
                    Kevin J. Lennon (KL 5072)

                    TISDALE & LENNON, LLC
                    11 West 42nd Street, Suite 900
                    New York, NY 10036
                    (212) 354-0025 (Phone)
                    (212) 869-0067 (Fax)
                    ldavies@tisdale-lennon.com
                    klennon@tisdale-lennon.com

## ATTORNEY VERIFICATION

State of Connecticut    )
                        )        ss: Town of Southport
County of Fairfield     )

1.     My name is Lauren C. Davies.

2.     I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.     I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.     I have read the foregoing Amended Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.     The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.     The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: April 18, 2007
       Southport, Connecticut

_____
Lauren C. Davies

5

07 CV 3089

TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAN OCEANIC MARITIME INC.,                      :

        Plaintiff,                               :                07 CV _____
                                                                                                ECF CASE
    - against -                                    :

SOURCE LINK SHIPPING CO., LTD.,          :

        Defendant.
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                       )       ss: Town of Southport
County of Fairfield    )

    Kevin J. Lennon, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

    2.    I have attempted to locate the Defendant, SOURCE LINK SHIPPING CO. LTD.

within this District.  As part of my investigation to locate the Defendant within this District, I

checked the telephone company information directory, as well as the white and yellow pages for

New York listed on the Internet or World Wide Web, and did not find any listing for the